UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **JOSE LUIS MUNOZ** | ) |
| | ) |
|     **Plaintiff,** | ) CIVIL ACTION NO. |
| | ) |
| v. | ) **COMPLAINT** |
| | ) |
| **LEXISNEXIS RISK SOLUTIONS, INC.** | ) **JURY TRIAL DEMANDED** |
| | ) |
|     **Defendant.** | ) |
| | ) |

## PRELIMINARY STATEMENT

1. This is an action for damages brought by an individual consumer, Jose Luis Munoz, against Defendant for violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681, *et seq.*

## PARTIES

2. Plaintiff Jose Luis Munoz is an adult individual residing in the State of Florida.

3. Defendant LexisNexis Risk Solutions Inc., ("LexisNexis"), is a consumer reporting agency which regularly conducts business in the Northern District of Georgia and has a principal place of business located at 1000 Alderman, Alpharetta, GA 30005.

## JURISDICTION & VENUE

4.  Jurisdiction of this Court arises under 15 U.S.C. § 1681p and 28 U.S.C. § 1331.

5.  Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## FACTUAL ALLEGATIONS

6.  Defendant has been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's driving record, automobile insurance and claims history to third parties ("inaccurate information") from at least January 2024 through present.

7.  The inaccurate information includes, but is not limited to, the reporting of driving records, automobile insurance claims, automobile accidents and personal identifying information.

8.  The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's driving and insurance claims history, Plaintiff's financial responsibility as a consumer and Plaintiff's worthiness for automobile insurance coverage and competitive automobile insurance rates.

9.  The inaccurate information belongs to another consumer and not to Plaintiff. The inaccurate information belongs to Jose Luis Barrera Munoz, who has a similar name to Plaintiff, but lives in a different State.

10. Due to Defendant's faulty procedures, Defendant mixed the credit file of Plaintiff and that of another consumer with respect to the inaccurate information and other personal identifying information.

11. Defendant has been reporting the inaccurate information through the issuance of false and inaccurate consumer reports that it has disseminated to various persons and insurance agents, both known and unknown, from at least January 2024 through the present.

12. Plaintiff's consumer reports have been obtained from Defendant by such third parties from at least January 2024 through the present.

13. As a result of Defendant's conduct, Plaintiff has suffered actual damages in the form of, but not limited to, a terminated auto insurance policy, automobile insurance rate increases, defamation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

14. The causal and/or substantial factor for this termination and high insurance rates was the inaccurate information that appears on Plaintiff's consumer reports.

15. Plaintiff has disputed the inaccurate information with Defendant by following the procedures for disputing the consumer credit information.

16. Plaintiff has disputed the inaccurate information with Defendant from April 2024 through the present.

17. Notwithstanding Plaintiff's efforts, Defendant has sent Plaintiff correspondence indicating its intent to continue publishing the inaccurate information and Defendant continues to publish and disseminate such inaccurate information to other third parties, persons, entities, and credit grantors. Defendant has repeatedly published and disseminated consumer reports to such third parties from at least January 2024 through the present.

18. Despite Plaintiff's efforts, Defendant has never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; (3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; (4) requested or obtained any court records, or other relevant documents from the entities furnishing the inaccurate information; and (5) performed any handwriting analysis.

19. Despite Plaintiff's exhaustive efforts to date, Defendant has nonetheless deliberately, willfully, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, has failed to remove the inaccurate information, has failed to report on the results of its reinvestigations to all credit reporting agencies, has failed to properly note the

disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

20. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of its agency or employment, and under the direct supervision and control of the Defendant herein.

21. At all times pertinent hereto, the conduct of the Defendant as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## COUNT 1 – VIOLATIONS OF THE FCRA
## (PLAINTIFF V. LEXISNEXIS)

22. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

23. At all times pertinent hereto, LexisNexis was a "person" and a "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

24. At all times pertinent hereto, the Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

25. At all times pertinent hereto, the above-mentioned consumer reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

26. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendant is liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on a consumer reporting agency of information pursuant to 15 U.S.C. §§ 1681e(b) and 1681i.

27. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

## JURY TRIAL DEMAND

28. Plaintiff demands trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendant, based on the following requested relief:

(a) Actual damages;

(b) Statutory damages;

(c) Punitive damages;

6

(d) Costs and reasonable attorney's fees; and

(e) Such other and further relief as may be necessary, just and proper.

Respectfully submitted,

Date: July 19, 2024

/s/ Jeffrey B. Sand
Jeffrey Sand, Esq.
**WEINER & SAND LLC**
800 Battery Ave, SE, Suite 100
Atlanta, GA 30339
Tel: (404) 205-5029
Fax: (866) 800-1482
js@wsjustice.com

-and-

/s/ Siobhán E. McGreal
Siobhán E. McGreal, Esquire
**FRANCIS MAILMAN SOUMILAS P.C.**
1600 Market Street, Suite 2510
Philadelphia, PA 19103
Tel: (215) 735-8600
Fax: (215) 940-8000
smcgreal@consumerlawfirm.com

\* *Application for Admission*
  *Pro hac vice forthcoming*

***Attorneys for Plaintiff***

8